**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
MARIA ELENA ORTIZ            :    Civ. No. 3:15CV00956(SALM)
                             :
v.                           :
                             :
CAROLYN W. COLVIN, ACTING    :
COMMISSIONER, SOCIAL SECURITY:    October 13, 2016
ADMINISTRATION               :
                             :
-----------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR AWARD OF FEES PURSUANT TO THE**
**EQUAL ACCESS TO JUSTICE ACT**

Plaintiff Maria Elena Ortiz ("plaintiff") filed concurrent applications for Disability Insurance Benefits and Supplemental Security Income on February 14, 2012, alleging disability beginning February 28, 2011. (Certified Transcript of the Administrative Record, compiled on August 2, 2015, (hereinafter "Tr.") at 197-209). After a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on March 19, 2014. See Tr. 18-34. Following the exhaustion of her administrative remedies, the plaintiff filed the Complaint in this case on June 22, 2015. [Doc. #1]. On September 4, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #19]. On October 30, 2015, the parties consented to the jurisdiction of a Magistrate Judge. [Doc. #13]. On November 3, 2015, plaintiff filed a Motion to Reverse the Decision of the

1

Commissioner, together with a memorandum in support ("motion to reverse"). [Doc. #26]. On February 15, 2016, defendant filed a Motion to Affirm the Decision of the Commissioner, together with a memorandum in support ("motion to affirm")[Doc. #21], to which plaintiff filed a reply. [Doc. #22].

On July 26, 2016, the undersigned issued a ruling granting plaintiff's motion to reverse the decision of the Commissioner, to the extent it sought remand for a new hearing, and denying defendant's motion to affirm. [Doc. #23]. The Court found that this matter should be remanded to the Commissioner "for further consideration and proper application of the treating physician rule" and "to reevaluate plaintiff's credibility[.]" Doc. #23 at 23, 29. Judgment was entered on July 27, 2016. [Doc. #24].

On September 13, 2016, plaintiff filed a Motion for Attorney Fees Under the EAJA, together with a memorandum in support, an itemization of time, and an affirmation and waiver of direct payment of EAJA fees. [Docs. ##25, 26]. Plaintiff's motion seeks an award for attorney fees under the EAJA in the amount of $7,720.84, and costs in the amount of $17.31. See Doc. #25 at 1. The defendant has not filed any opposition to plaintiff's motion.

For the reasons set forth herein, the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act

[Doc. #31] is **GRANTED**, for the amount of **$7,720.84 in fees and $17.31 in costs.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[1] The Court has the discretion to determine what fee

---

[1] The Hensley Court interpreted 42 U.S.C. §1988, which permits for the recovery of a reasonable attorney's fee by a prevailing plaintiff. Id. at 426; see 42 U.S.C. §1988. The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing

3

is reasonable. See id. at 437. This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the fee requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge[.]" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010) (quotation marks and citation omitted).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan, 539 F. Supp. 2d at 682; see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Here, the Court finds that plaintiff has satisfied the

---

party." Hensley, 461 U.S. at 433 n.7 (quotation marks omitted).

4

requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees and costs may enter. Specifically, the Court finds, absent objection: (1) plaintiff is a prevailing party in light of the Court's order remanding of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a total of 34.55 hours, at a rate of $197.13 per hour. See Doc. #26 at 2.[3] Plaintiff's counsel also seeks reimbursement for 9.1 hours at a rate of $100 per hour for work performed by a paralegal. See id. The transcript in this case was comprised of

---

[2] Plaintiff's motion is timely as she filed it within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (holding "that a 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

[3] Counsel for plaintiff indicates that 56.55 attorney hours were spent in preparing and presenting this matter to the Court, but counsel has agreed to reduce this time to 34.55 hours, as he "realize[s] that the hours expended writing the opening brief were extremely high[,] ... [and] cannot in good conscience ask the Commissioner to pay for all [the] hours." Doc. #26 at 3.

731 pages, and plaintiff's counsel submitted a thorough and well-reasoned brief, and a joint stipulation of facts. Further, counsel did not represent plaintiff during the administrative proceedings, and therefore had to familiarize himself with the record prior to briefing. See e.g. Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the time spent of 34.55 attorney hours and 9.1 paralegal hours is reasonable, particularly in light of the defendant's decision not to oppose plaintiff's motion, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $7,720.84 for fees and $17.31 in costs is appropriate. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #25] is **GRANTED.**

SO ORDERED at New Haven, Connecticut, this 13th day of October 2016.

_____/s/_____
Hon. Sarah A. L. Merriam
United States Magistrate Judge

6